IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HUONG NGUYEN                 :

                         :

   v.                    :  Civil Action No. DKC 15-2268

                         :

THE ANTHEM COMPANIES, INC.,
et al.                :

**MEMORANDUM OPINION**

Presently pending and ready for review in this action for declaratory judgment is a motion to transfer venue to the United States District Court for the District of South Dakota filed by Defendant Eugene Robinson ("Defendant").  (ECF No. 19).  The issues have been fully briefed, and the court now rules, no hearing being deemed necessary.  Local Rule 105.6.  For the following reasons, the motion to transfer venue will be granted.

## I.   Background

### A. Factual Background

Plaintiff Huong Nguyen ("Plaintiff") came to the United States from Vietnam in early 2012.  On August 25, 2012, Plaintiff and her then-husband, John Pho, were involved in an automobile accident in Lincoln County, South Dakota.  Seth Kroger crossed the median and struck Plaintiff's vehicle, severely injuring Plaintiff and Mr. Pho.  Plaintiff was

airlifted to a hospital and treated for her injuries.  (ECF No. 1 ¶¶ 17-20).

After the accident, Mr. Pho and Plaintiff recovered at the home of Mr. Pho's mother.  (ECF No. 19, at 2-3).  Mr. Pho retained Defendant, an attorney, to represent him in bringing personal injury claims against the estate of the deceased driver, Mr. Kroger.  Plaintiff relied on her husband's recommendation of counsel and also retained Defendant to represent her.  The Retainer Agreement was signed in South Dakota.  Under its terms, Defendant would receive one-third of all sums recovered, in addition to sales taxes.  (ECF Nos. 1 ¶¶ 31-32; 1-2, at 2).  Defendant contacted Mr. Kroger's auto insurance carrier, De Smet Insurance Company of South Dakota ("De Smet") to file a claim.  On March 26, 2013, De Smet responded to Defendant noting its intention to make the $250,000.00 policy limit available to Plaintiff, inclusive of other insurance payments and subrogation demands, in exchange for a release of claims against the insured and Mr. Kroger's estate.  (ECF Nos. 1 ¶ 34; 1-3, at 2).

At the time of the accident, Plaintiff was a third-party beneficiary of Mr. Pho's health insurance policy with Anthem BlueCross BlueShield ("Anthem") that Mr. Pho obtained through his employer.  During treatment and recovery, Plaintiff incurred medical bills of approximately $178,000.00.  Through

2

subrogation, Anthem sought to recover $119,441.75 from Plaintiff for medical bill payments. (ECF No. 1 ¶¶ 21-23).

In early 2013, marital problems developed between Plaintiff and Mr. Pho. Plaintiff alleges that she "believe[d] that [Mr. Pho] was conspiring with Defendant [] to settle the case, split the proceeds of the settlement between them, and prevent her from receiving any compensation for her injuries." (*Id.* ¶ 37). In or around March 2013, Plaintiff left Mr. Pho and moved in with her sister in Virginia. According to Plaintiff, she continued to receive treatment while in Virginia.

Shortly after her move, Plaintiff retained the services of the Nguyen Law Firm, LLC and attorney Thai Nguyen. (*See* ECF No. 19-6). Plaintiff allegedly terminated Defendant's representation before any settlement was reached between Plaintiff and De Smet, and Mr. Nguyen agreed to represent Plaintiff in her settlement negotiations. According to Plaintiff, she lost trust that Defendant would act in her best interest. Plaintiff asserts that she "had legal grounds to terminate [the Retainer Agreement] with Defendant," including, *inter alia*, Defendant's alleged breaches of contract and fiduciary duties. (ECF No. 1 ¶¶ 42-45). In his answer, Defendant denies that Plaintiff had any justification to terminate the Retainer Agreement and disputes that he breached any contractual or fiduciary duties owed to Plaintiff. (ECF No.

3

5  ¶¶  18-21).   Defendant  contends  that  he  fulfilled  his obligations  to  Plaintiff  and  negotiated  a  settlement  in  the amount  of  $250,000.00  from  De  Smet  on  Plaintiff's  behalf  on March  26,  2013.   (*Id.*  ¶¶  9-11;  ECF  No.  19,  at  3).   The settlement  was  not  finalized  because,  according  to  Defendant, Plaintiff  left  South  Dakota.   (ECF  No.  26,  at  3).

Upon  learning  that  Plaintiff  had  secured  new representation,  Defendant  sought  to  contact  Mr.  Nguyen  regarding a  settlement  and  the  division  of  fees.   According  to  Defendant, however,  "Mr.  Nguyen  failed  to  answer  any  of  Defendant['s] letters  [or  telephone  calls]."   (*Id.*  at  10).   As  a  result, Defendant  notified  Mr.  Nguyen  that  he  would  be  seeking assistance  from  the  Maryland  Bar  Association  "in  communicating with  [Mr.  Nguyen]  to  settle  this  case  expeditiously."   (ECF  No. 19-2).

Represented  by  Mr.  Nguyen,  Plaintiff  settled  her  claim  with De  Smet  by  entering  into  a  release  of  claims  (the  "Release")  on July  28,  2015.   (ECF  Nos.  20,  at  13;  26,  at  10).   Under  the terms  of  the  Release,  Plaintiff  was  to  receive  $250,000.00  in exchange  for  releasing  all  claims  arising  directly  or  indirectly from  the  accident.   (ECF  No.  20-1,  at  17).   Plaintiff  also agreed  "to  satisfy  any  lien  upon  or  any  right  to  reimbursement from  the  monetary  consideration  for  which  provision  is  made herein  that  may  exist  in  favor  of  [Defendant]  arising  by  reason

4

of an attorney-client relationship." (*Id.* at 18).  Furthermore, Plaintiff agreed "to satisfy the subrogation claims of [Anthem], LeMars Insurance Company, and any other insurer or health provider, if any." (*Id.*).  Although the Release appears to have been signed in Maryland, it "shall be governed by and construed in accordance with the laws of the State of South Dakota." (*Id.*).  At present, the parties do not dispute that the proceeds remain with De Smet in South Dakota.  (*See* ECF Nos. 19, at 5; 20, at 13-14; 26, at 3).

Defendant placed an attorney's lien on Plaintiff in the amount of $88,485.09, which represents attorney fees, sales tax, and costs incurred by Defendant.  (*See* ECF Nos. 1 ¶ 47; 19, at 5).  Plaintiff alleges that "[t]here exists an actual controversy of a justiciable issue between Plaintiff and Defendant" regarding the attorney's lien.  (ECF No. 1 ¶ 47).  Plaintiff currently resides in Virginia.  Defendant is a resident of South Dakota, and Mr. Nguyen practices law in Maryland.  (*Id.* ¶¶ 13, 15).

### B. Procedural Background

On August 3, 2015, Plaintiff commenced this action for declaratory judgment against Anthem and Defendant.  The two-count complaint seeks declaratory judgment reducing Anthem's subrogation request (Count I) and striking both Defendant's attorney's lien and claim for a contingency fee (Count II).

(ECF No. 1).  Defendant answered on November 2.  (ECF No. 5).
On December 24, Plaintiff filed a notice of dismissal with
prejudice as to Anthem after reaching an agreement.  (ECF No.
8).  The court approved Plaintiff's notice of dismissal, and
Anthem was terminated as a party.  (ECF No. 9).  Shortly
thereafter, the court issued a scheduling order to begin
discovery.  (ECF No. 10).

Defendant, proceeding *pro se*, moved to modify the
scheduling order and for an exemption from electronic filing.
(ECF Nos. 13; 14).  The court granted Defendant's motion for a
modification to the scheduling order and denied as moot
Defendant's motion for an exemption.  (ECF No. 18).  On February
22, 2016, Defendant filed the pending motion to transfer venue,
which is fully briefed.  (ECF Nos. 19; 20; 26).[1]  On March 13,
Plaintiff filed a motion to deposit funds from the De Smet
settlement into a court registry for subsequent release to pay
Plaintiff's undisputed lienholders and creditors.  (ECF No. 21).

---

[1] Plaintiff filed her opposition on March 7 and Defendant
filed his reply on March 28.  (ECF Nos. 20; 26).  Plaintiff
filed a motion to strike Defendant's reply as untimely.  (ECF
No. 27).  Under Local Rule 105.2(a), a reply is due 14 days
after the opposition to which it responds, and that time is
ordinarily extended by a further three days by operation of
Fed.R.Civ.P. 6(d).  The court finds consideration of Defendant's
reply to be necessary to evaluate the present motion.  Given
that the reply was filed only several days late, the court will
deny Plaintiff's motion to strike.

Plaintiff also filed a motion for summary judgment against Defendant. (ECF No. 22).

## II.  Standard of Review

28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

> The purpose of § 1404(a) is "to prevent the waste of time, energy, and money" and "to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964); *see also Lynch v. Vanderhoef Builders*, 237 F.Supp.2d 615, 617 (D.Md. 2002). In a motion to transfer pursuant to § 1404(a), "the burden is on the moving party to show that transfer to another forum is proper." *Lynch*, 237 F.Supp.2d at 617.

*Mamani v. Bustamante*, 547 F.Supp.2d 465, 469 (D.Md. 2008). The decision whether to transfer venue under § 1404(a) is committed to the sound discretion of the trial court. *See Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 34 (1998); *Brock v. Entre Computer Ctrs., Inc.*, 933 F.2d 1253, 1257 (4th Cir. 1991).

"The standards for transfer are: (1) the transferee court must be a court in which the action could have been brought initially; (2) the transfer must be convenient to the parties and witnesses; and (3) the transfer must be in the interest of

justice." *Dow v. Jones*, 232 F.Supp.2d 491, 499 (D.Md. 2002) (citation and internal footnote omitted). "To prevail on a motion to transfer venue under § 1404, the defendant must show by a preponderance of the evidence that the proposed transfer will better and more conveniently serve the interests of the parties and witnesses and better promote the interests of justice." *Helsel v. Tishman Realty & Constr. Co., Inc.*, 198 F.Supp.2d 710, 711 (D.Md. 2002) (citations and internal quotation marks omitted); *see also Lynch*, 237 F.Supp.2d at 617; *Dicken v. United States*, 862 F.Supp. 91, 92 (D.Md. 1994). In order to satisfy this burden, the defendant should submit affidavits from witnesses and parties involved that explain the inconvenience and hardship he "would suffer if the case were heard in the plaintiff's chosen forum." *Dow*, 232 F.Supp.2d at 499 (citing *Helsel*, 198 F.Supp.2d at 712).

## III. Analysis

### A. Threshold Issues

Plaintiff opposes Defendant's motion on the ground that "Defendant [] has waived his right to challenge the personal jurisdiction of this [c]ourt over him as well as waived his rights to challenge venue . . . by failing to file a Rule 12(b) motion . . . before filing a detailed [a]nswer" and requesting relief from this court. (ECF No. 20, at 1). Here, however, Defendant does not argue that the complaint should be dismissed

for lack of personal jurisdiction.   Plaintiff also argues that
Defendant "loses the right to obtain a transfer or dismissal of
the action for improper venue under Section 1406(a) unless he []
preserves this defense by making a timely and sufficient
objection to improper venue and by avoiding conduct that might
be considered an implicit waiver." (ECF No. 20, at 6 (citing 17
Moore's Federal Practice § 111.36)).   Waiver of the objection to
improper venue, however, does not preclude a § 1404(a) motion to
transfer for the convenience of the parties and witnesses.
"[U]nlike a § 1406(a) motion, a § 1404 transfer request carries
no time restraints.   Indeed, because it is based on convenience,
§ 1404(a) invites case development to locate evidence and
identify witnesses." *Gardner v. Mylan Inc.*, No. 2:09-CV-01289,
2010 WL 2595114, at *2 (S.D.W.Va. June 24, 2010) (citation
omitted).

**B. Jurisdiction in the District of South Dakota**

"When considering whether to transfer an action to a
different venue, this [c]ourt must first determine whether the
action could have been brought in the transferee district."
*Davis v. White*, No. RDB-15-1108, 2016 WL 1159206, at *6 (D.Md.
Mar. 24, 2016) (citing *Aphena Pharma Sols.-Maryland LLC v.
BioZone Labs., Inc.*, 912 F.Supp.2d 309, 318 (D.Md. 2012)).   The
Supreme Court of the United States has held that a transfer
under § 1404(a) does not depend "upon the wish or waiver [or

consent] of the defendant but, rather, upon whether the transferee district was one in which the action might have been brought by the plaintiff." *Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960) (internal quotation marks omitted).   The Supreme Court, however, noted that "[i]f when a suit is commenced, [the] plaintiff has a right to sue in that district, independently of the wishes of defendant, it is a district where [the action] might have been brought."   *Id.* at 344 (citation and internal quotation marks omitted).

Accordingly, the threshold question when considering a transfer under § 1404(a) is whether this action could have originally been brought in the District of South Dakota, independently of Defendant's consent.   Here, the parties do not dispute that this action could have initially been brought in the District of South Dakota.   Defendant is a resident of South Dakota.   Plaintiff, formerly a resident of South Dakota, signed the Retainer Agreement with Defendant in South Dakota.

### C. The Convenience Factors and Interest of Justice

Furthermore, the convenience factors support transfer.   In deciding a motion to transfer venue under § 1404(a), the court must "weigh in the balance a number of case-specific factors." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).   The host of convenience factors a court should consider includes:

> (1) the plaintiff's choice of forum; (2)
> relative ease of access to sources of proof;
> (3) availability of compulsory process for
> attendance of unwilling witnesses, and the
> cost of obtaining attendance of willing and
> unwilling witnesses; (4) possibility of a
> view of the premises, if appropriate; (5)
> enforceability of a judgment, if one is
> obtained; (6) relative advantage and
> obstacles to a fair trial; (7) other
> practical problems that make a trial easy,
> expeditious, and inexpensive; (8)
> administrative difficulties of court
> congestion; (9) local interest in having
> localized controversies settled at home;
> (10) appropriateness in having a trial of a
> diversity case in a forum that is at home
> with the state law that must govern the
> action; and (11) avoidance of unnecessary
> problems with conflicts of laws.

*Choice Hotels Int'l, Inc. v. Madison Three, Inc.*, 23 F.Supp.2d
617, 622 n.4 (D.Md. 1998) (citations omitted).

## 1. Plaintiff's Choice of Forum

Defendant argues that "Plaintiff's choice of forum is
accorded less weight when it is not [her] residence. Moreover,
[] Plaintiff's residence at the time of the accident and at the
time of entering into the [Retainer Agreement] with Defendant []
was in [] South Dakota." (ECF No. 19, at 8). "Although a
plaintiff's choice of forum is ordinarily accorded considerable
weight, that weight is significantly lessened when none of the
conduct complained of occurred in the forum selected by the
plaintiff and said forum has no connection with the matter in
controversy." *Lynch*, 237 F.Supp.2d at 617 (citing *Dicken*, 862

F.Supp. at 92–93); *see Tse v. Apple Computer, Inc.*, No. L-05-
2149, 2006 WL 2583608, at *2 (D.Md. Aug. 31, 2006) ("That weight
is lessened, however, when either (i) the chosen forum is not
the plaintiff's home, or (ii) the chosen forum has little or no
connection to the events giving rise to the litigation.").
Here, Plaintiff is currently a resident of Virginia, and the
events giving rise to this litigation took place in South
Dakota.  Plaintiff "has no connection to Maryland other than the
fact that [her] attorney resides here.  Maryland, therefore, is
not [her] home forum." *Tse*, 2006 WL 2583608, at *2.  Given that
Maryland has little or no connection to Plaintiff, the first
factor supports transfer.

### 2. Convenience and Access of Witnesses and the Parties

"The convenience of the witnesses is 'perhaps the most
important factor' in determining whether a transfer of venue
should be granted." *Mamani*, 547 F.Supp.2d at 473 (quoting
*Cronos Containers Ltd. v. Amazon Lines, Ltd.*, 121 F.Supp.2d 461,
466 (D.Md. 2000)).  Defendant argues that "[a]ny witnesses from
the insurance companies are located in [] South Dakota . . . .
Testimony of Plaintiff's former husband and mother-in[-]law as
well as witnesses from the insurance companies will be critical
to Defendant's case."  (ECF No. 19, at 8).  Defendant concludes
that a transfer "would make their testimony more likely and
certainly prove more convenient." (*Id.*).  Plaintiff argues that

12

some of Plaintiff's family members and doctors would be inconvenienced by transferring this action to the District of South Dakota.   If the District of Maryland retains the case, Plaintiff argues, "these witnesses can simply drive from Fairfax/Falls Church, Virginia[,] to Greenbelt, Maryland." (ECF No. 20, at 16).   Defendant responds that "[t]he only relevant witnesses in this case are . . . those relating to the [Retainer Agreement] between Plaintiff and Defendant [] and the insurance companies involved in the settlement of Plaintiff's personal injury claim."  (ECF No. 26, at 5).   According to Defendant, "Plaintiff's references to . . . her treating physicians, dentists, and chiropractors after her move from South Dakota to Virginia are merely a smokescreen in an attempt to" keep the case in the District of Maryland.  (*Id.*).

Here, it is undisputed that the events giving rise to this case occurred in South Dakota.  Plaintiff retained Defendant's services in South Dakota, and Defendant then commenced negotiations with the relevant insurance providers.  This case involves a dispute about legal fees and a request for declaratory relief; it is not about the extent of Plaintiff's injuries or medical treatment.  Defendant contends that "[t]he witnesses for this case include Defendant . . . [and] agents of the South Dakota[-]based insurance companies." (ECF No. 26, at 6).  Furthermore, Mr. Pho and Plaintiff's former mother-in-law

13

are also residents of South Dakota. Defendant includes an affidavit in support of his motion to transfer in which he notes that his attorney's lien was filed in South Dakota. (ECF No. 19-1 ¶¶ 7-8). Defendant also avers that he signed the Retainer Agreement and performed thereunder in South Dakota. (*Id.* ¶¶ 18-22). For these reasons, the convenience of witnesses weighs in favor of transfer. Plaintiff does not assert that there are any relevant fact witnesses in Maryland. (*See* ECF No. 20, at 14-17); *Cronos*, 121 F.Supp.2d at 465 ("In this district, motions to transfer have been regularly granted where the defendant has shown that most of its key witnesses are residents of another district.").

Regarding convenience of the parties, transfer of venue is "inappropriate" where it will merely "shift the balance of convenience" from the plaintiff to the defendant. *Topiwala v. Wessell*, No. WDQ-11-0543, 2012 WL 122411, at *7 (D.Md. Jan. 12, 2012) (citation omitted). Here, while Plaintiff is currently a resident of Virginia, and transfer likely will inconvenience her, this factor only slightly favors keeping the case on the East Coast. It does not favor keeping the case in Maryland.

### 3. Interest of Justice

"Consideration of the interests of justice is intended to encompass all those factors bearing on transfer that are unrelated to convenience of witnesses and parties." *Cross v.*

*Fleet Reserve Ass'n Pension Plan*, 383 F.Supp.2d 852, 857 (D.Md. 2005) (citation and internal quotation marks omitted). Here, South Dakota clearly has an interest in adjudicating this case because the vast majority of the alleged conduct occurred in that state. At present, De Smet appears to be holding the contested insurance proceeds in South Dakota. (*See* ECF Nos. 19, at 5; 20, at 13-14; 26, at 3). No party to this action is a resident of Maryland, and Plaintiff's claims have nothing to do with the State of Maryland. Moreover, a court's familiarity with the applicable law is one factor to consider in the interest of justice analysis. *Lynch*, 237 F.Supp.2d at 618. Transfer to a district in the state whose law will govern the claims is favored. *See Ugol v. Nemacolin Woodlands Inc.*, No. WDQ-04-3398, 2005 WL 1230214, at *2 (D.Md. May 24, 2005). Here, the Retainer Agreement between Plaintiff and Defendant was signed in South Dakota, and the Release is governed by South Dakota law. (ECF Nos. 1-2, at 2-3; 20-1, at 18).

The interest of justice is best served by having this case proceed in the District of South Dakota. Plaintiff's choice of forum in the District of Maryland is substantially outweighed by South Dakota's position as the epicenter of this dispute. Transfer will "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen*, 376 U.S. at

616    (citation    and    internal    quotation    marks    omitted).
Accordingly, this case will be transferred to the District of
South Dakota.

## IV.  Conclusion

For the foregoing reasons, Defendant's motion to transfer
venue to the United States District Court for the District of
South Dakota will be granted.  Plaintiff's motion to strike will
be denied.  A separate order will follow.


                                      /s/
                        _____
                        DEBORAH K. CHASANOW
                        United States District Judge